UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| LATHAM & WATKINS, LLP<br>555 ELEVENTH STREET N.W.<br>SUITE 1000<br>WASHINGTON, DC 20004<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK W. EVERSON<br>COMMISSIONER OF INTERNAL REVENUE<br>ATTENTION: CC:PA:DPL<br>1111 CONSTITUTION AVENUE N.W.<br>WASHINGTON, DC 20224<br><br>　　　　　Defendant. | Civil Case No.<br><br><br>**COMPLAINT** |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Latham & Watkins LLP ("Latham"), for its complaint against Defendant, the Internal Revenue Service ("IRS"), alleges as follows:

### I.    NATURE OF THIS ACTION

1.    This is an action under the Freedom of Information Act, 5 U.S.C. section 552 ("FOIA"), as amended, for injunctive and other appropriate relief and seeking the disclosure and release of agency records, consisting of all materials subject to disclosure, including but not limited to any and all background files, pertaining to Revenue Ruling 2002-6, 2002-1 C.B. 460 and the Treasury's 1999 Priority Guidance Plan released March 10, 1999 titled: Insurance Companies and Products ... 3. Guidance under section 807.

## II. THE PARTIES

2. Plaintiff Latham, the requester of the agency records that have been improperly withheld, is a law firm with its main office located at 633 West Fifth Street, Suite 4000, Los Angeles, California 90071. The requesting office is located at 555 Eleventh Street NW, Suite 1000, Washington, District of Columbia 20004.

3. Defendant IRS is an agency of the government of the United States, and has possession and control of the records requested by plaintiff. IRS is an agency within the meaning of 5 U.S.C. 552(f).

## III. JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. section 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. section 1331.

5. Venue is proper in this District pursuant to 5 U.S.C. section 552(a)(4)(B).

## IV. FACTUAL ALLEGATIONS

### FOIA REQUEST PERTAINING TO REVENUE RULING 2002-6

6. Plaintiff sent to Defendant a request dated April 7, 2006 for all materials subject to disclosure, including but not limited to any and all background files, pertaining to Revenue Ruling 2002-6, 2002-1 C.B. 460.

7. Defendant responded on April 18, 2006 stating that it was unable to respond within the statutorily prescribed time of 20 business days. Defendant then invoked the additional ten-day statutory extension, which extended the statutory response date to May 22, 2006. Defendant also stated that it did not anticipate being able to address Plaintiff's request by the statutorily extended date and requested additional time to respond to Plaintiff's request, with a response to be expected by July 7, 2006.

8. On September 29, 2006, Plaintiff contacted Defendant to inquire about the status of its request and was told that the request was still pending.

9. In a letter dated January 31, 2007, 209 days after the deadline stated in its April 18, 2006 correspondence, Defendant requested additional time to respond to Plaintiff's request. The letter states that a response should be expected by June 8, 2007.

10. On March 1, 2007, Plaintiff contacted Defendant via telephone concerning Defendant's letter dated January 31, 2007 to check on the status of the request. Plaintiff was informed that Chief Counsel has not reviewed the documents as of yet, and therefore no documents could be provided to date. Additionally, Plaintiff was informed that a search memo was sent to Chief Counsel on April 17, 2006 and no information has been provided in response to the search memo.

11. In a letter dated March 5, 2007, Defendant states that Plaintiff has not made any inquiry as to the status of Plaintiff's request dated April 7, 2006 and if Defendant does not receive a response by April 9, 2007, then it will close Plaintiff's request.

12. On April 2, 2007, Plaintiff responded to Defendant's March 5, 2007 letter stating that it was still interested in the documents.

13. Defendant failed to respond to Plaintiff's April 7, 2006 FOIA request within the statutorily provided period, and did not issue a determination with regard to Plaintiff's request at the time of filing this Complaint.

### FOIA REQUEST PERTAINING TO THE TREASURY'S 1999 PRIORITY GUIDANCE PLAN RELEASED MARCH 10, 1999 PERTAINING TO GUIDANCE UNDER SECTION 807

14. Plaintiff sent to Defendant a request dated April 7, 2006 for all background files pertaining to items listed in the Treasury's 1999 Priority Guidance Plan released March 10, 1999 titled: Insurance Companies and Products … 3. Guidance under section 807.

15. Defendant responded on April 18, 2006 stating that the 1999 Priorities for Tax Regulations and Other Administrative Guidance was created jointly by the Department of Treasury, Office of Tax Policy and Defendant. Therefore, the FOIA request was being transferred to the Department of Treasury and the 20-day statutory window for responding to requests will begin when the request is received by the Department of Treasury.

16. On August 9, 2006, Plaintiff submitted additional detail, which clarified the information sought, by specifying that the project was headed up by Louise Epstein at Treasury and involved the application of Actuarial Guidelines 33 and 34.

17. On September 29, 2006, the Department of Treasury, in response to a FOIA request for all of its background files pertaining to items listed in the Treasury's 1999 Priority Guidance Plan released March 10, 1999 titled: Insurance Companies and Products … 3.

Guidance under section 807, stated that in addition to the documents provided, it identified nine documents consisting of 97 pages, which were responsive, but not provided because they originated at IRS. Therefore, the Department of Treasury forwarded these documents to Defendant for review.

18. In a letter dated January 31, 2007, Defendant requested additional time to respond to Plaintiff's request. The letter states that a response should be expected by June 8, 2007.

19. On March 1, 2007, Plaintiff contacted Defendant via telephone concerning Defendant's letter dated January 31, 2007 to check on the status of the request. Defendant confirmed that during November 2006, the Department of Treasury had transferred nine documents, which consisted of 97 pages that had originated at the IRS Chief Counsel, back to Defendant to review. Chief Counsel has not reviewed the documents as of yet, and therefore no documents could be provided to date.

20. Defendant failed to respond to Plaintiff's April 7, 2006 FOIA request within the statutorily provided period, and did not issue a determination with regard to Plaintiff's request at the time of filing this Complaint.

## V. REQUESTED RELIEF

21. Latham incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. By operation of law (as set forth in 5 U.S.C. section 552(a)(6)(C)(i), 26 C.F.R. section 601.702(c)(12), and 31 C.F.R. section 1.5(k)), Plaintiff has exhausted its administrative remedies with respect to this matter.

23. Plaintiff has a statutory right, pursuant to 5 U.S.C. section 552(a)(3), to the records it seeks, and there is no legal basis for defendant's failures to respond to plaintiff's requests and to disclose the requested documents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Order Defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

B. Provide for expeditious proceedings in this action;

C. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Dated: April 6, 2007

Respectfully submitted,

LATHAM & WATKINS LLP

Susan E. Seabrook
DC Bar # 472489
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Attorney for the Plaintiff

Of Counsel:
Kevin M. Jacobs
DC Bar # 494866
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I.
**(a) PLAINTIFFS** LATHAM & WATKINS, LLP

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** MARK W. EVERSON
COMMISSIONER OF INTERNAL REVENUE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __DC__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
SUSAN SEABROOK, LATHAM & WATKINS, LLP
555 ELEVENTH STREET NW, SUITE 1000
WASHINGTON, DC 20004, 202-637-2200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. section 552 - Freedom of Information Act - seeking injunctive and other appropriate relief, including the disclosure and release of agency records, consisting of all materials subject to disclosure

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐ | DEMAND $ | Check YES only if demanded in complaint<br>JURY DEMAND: ☐ YES   ☒ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 4/6/2007   SIGNATURE OF ATTORNEY OF RECORD   *Susan D. Seabrook*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.