UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| LATHAM & WATKINS LLP<br>555 ELEVENTH STREET, N.W.<br>SUITE 1000<br>WASHINGTON, DC 20004<br><br>       Plaintiff,<br><br>v.<br><br>MARK W. EVERSON,<br>COMMISSIONER OF INTERNAL REVENUE<br>ATTENTION: CC:PA:DPL<br>1111 CONSTITUTION AVENUE, N.W.<br>WASHINGTON, DC 20224<br><br>       Defendant. | **Civil Action No. 07-00642**<br>**(Judge C. Kollar-Kotelly)** |

## JOINT STATEMENT OF PARTIES

The Court's Order for Initial Scheduling Conference of June 14, 2007 directs the parties to submit their Joint Statement addressing the topics listed in LCvR 16.3(c) and a brief statement of the case and certain additional information concerning this cause of action no later than 72 hours prior to the Initial Scheduling Conference set for July 10, 2007 at 9:00 a.m.  Thus , in accordance with the Order, the parties to the above-captioned action confirm that they have conferred, via telephone conferences, and submit this report for the Court's consideration.

### I.     STATEMENT OF THE CASE

This is an action under the Freedom of Information Act, 5 U.S.C. section 552 ("FOIA"), as amended, for injunctive and other appropriate relief and seeking the disclosure and release of agency records, consisting of all materials subject to disclosure pertaining to Revenue Ruling

2002-6, 2002-1 C.B. 460 and the Treasury's 1999 Priority Guidance Plan released March 10, 1999 titled: Insurance Companies and Products … 3. Guidance under section 807.  Plaintiff sent to Defendant two requests, each dated April 7, 2006, with respect to this material.

To date, no documents have been provided by Defendant.  The parties conferred on July 2, 2007, at which time Defendant indicated that approximately 1500 to 1700 pages of material will be provided to Plaintiff in advance of the Initial Scheduling Conference set for July 10, 2007.  Approximately 1500 additional pages of otherwise responsive material is expected to be withheld by Defendant either in whole or in part.  Defendant expects to provide additional information explaining the reasons why the material will be withheld within the next two weeks.

**II.     WHETHER THE CASE IS LIKELY TO BE DISPOSED OF BY DISPOSITIVE MOTION; AND WHETHER, IF A DISPOSITIVE MOTION HAS ALREADY BEEN FILED, THE PARTIES SHOULD RECOMMEND TO THE COURT THAT DISCOVERY OR OTHER MATTERS SHOULD AWAIT A DECISION ON THE MOTION.**

Once the information is provided that explains the reason(s) that material has been withheld, the parties will be in a position to determine whether the case is likely to be disposed of by dispositive motion.

The parties have agreed that discovery is not needed in this case.

**III.    THE DATE BY WHICH ANY OTHER PARTIES SHALL BE JOINED AND THE PLEADINGS AMENDED, AND WHETHER SOME OR ALL THE FACTUAL AND LEGAL ISSUES CAN BE AGREED UPON OR NARROWED.**

The parties agree that the date by which any other parties shall be joined and the pleadings amended is September 28, 2007.  The parties believe that the legal issues raised by Plaintiff's complaint are not subject to material dispute.  The parties agree that the factual issues can be narrowed, if necessary, once the information is provided explaining the basis for

withholding certain of the requested material. Additional legal issues may be raised by the rationale relied upon to withhold material.

IV. **WHETHER THE CASE SHOULD BE ASSIGNED TO A MAGISTRATE JUDGE FOR ALL PURPOSES, INCLUDING TRIAL.**

The parties agree that this case should be assigned to a magistrate judge for all purposes, including trial.

V. **WHETHER THERE IS A REALISTIC POSSIBILITY OF SETTLING THE CASE.**

The parties agree that there is a realistic possibility of settling this case.

VI. **WHETHER THE CASE COULD BENEFIT FROM THE COURT'S ALTERNATIVE DISPUTE RESOLUTION PROCEDURES.**

The parties do not believe ADR procedures would be helpful in this case.

VII. **WHETHER THE CASE CAN BE RESOLVED BY SUMMARY JUDGMENT OR MOTION TO DISMISS; DATES FOR FILING DISPOSITIVE MOTIONS AND/OR CROSS MOTIONS, OPPOSITIONS, AND REPLIES; AND PROPOSED DATES FOR DECISIONS ON THOSE MOTIONS.**

The parties believe that the case can be disposed of by dispositive motions, and that the parties will be able to agree to an overall schedule once the information is provided by Defendant establishing the grounds for withholding certain material.

VIII. **WHETHER THE PARTIES SHOULD STIPULATE TO DISPENSE WITH THE INITIAL DISCLOSURE REQUIRED BY RULE 26(A)(1), F.R.CIV.P., AND IF NOT, WHAT IF ANY CHANGES SHOULD BE MADE IN THE SCOPE, FORM OR TIMING OF THOSE DISCLOSURES.**

The parties stipulate to dispense with the initial disclosure requirements of Rule 26(a)(1).

IX. **THE ANTICIPATED EXTENT OF DISCOVERY, HOW LONG DISCOVERY SHOULD TAKE, WHAT LIMITS SHOULD BE PLACED ON DISCOVERY; WHETHER A PROTECTIVE ORDER IS APPROPRIATE; AND A DATE FOR THE COMPLETION OF ALL DISCOVERY, INCLUDING ANSWERS TO INTERROGATORIES, DOCUMENT PRODUCTION, REQUESTS FOR ADMISSIONS, AND DEPOSITIONS.**

The parties agree that discovery is not beneficial in this case.

X. **WHETHER THE REQUIREMENT OF EXCHANGE OF EXPERT WITNESS REPORTS AND INFORMATION PURSUANT TO RULE 26(A)(2), F.R.CIV.P., SHOULD BE MODIFIED, AND WHETHER AND WHEN DEPOSITIONS OF EXPERTS SHOULD OCCUR.**

The parties do not anticipate any expert witnesses in this case.

XI. **IN CLASS ACTIONS, APPROPRIATE PROCEDURES FOR DEALING WITH RULE 23 PROCEEDINGS, INCLUDING THE NEED FOR DISCOVERY AND THE TIMING THEREOF, DATES FOR FILING A RULE 23 MOTION, AND OPPOSITION AND REPLY, AND FOR ORAL ARGUMENT AND/OR AN EVIDENTIARY HEARING ON THE MOTIONS AND A PROPOSED DATE FOR DECISION.**

The parties agree that this section does not apply.

XII. **WHETHER THE TRIAL AND/OR DISCOVERY SHOULD BE BIFURCATED OR MANAGED IN PHASES, AND A SPECIFIC PROPOSAL FOR SUCH BIFURCATION.**

The parties agree that they do not anticipate a bifurcated trial. The parties agree that discovery is not necessary in this case.

XIII. **THE DATE FOR THE PRETRIAL CONFERENCE (UNDERSTANDING THAT A TRIAL WILL TAKE PLACE 30 TO 60 DAYS THEREAFTER).**

The parties do not believe that a pretrial conference is necessary in this case.

XIV. **WHETHER THE COURT SHOULD SET A FIRM TRIAL DATE AT THE FIRST SCHEDULING CONFERENCE OR SHOULD PROVIDE THAT A TRIAL DATE WILL BE SET AT THE PRETRIAL CONFERENCE FROM 30 TO 60 DAYS AFTER THAT CONFERENCE.**

The parties agree that a firm trial date should be set at the first scheduling conference.

**XV.    SUCH OTHER MATTERS THAT THE PARTIES BELIEVE MAY BE APPROPRIATE FOR INCLUSION IN A SCHEDULING ORDER.**

The parties agree that this section does not apply.

The undersigned counsel represent that Plaintiff and Defendant agree to this joint report.

Dated: July 3, 2007

                                              Respectfully submitted,

                                              LATHAM & WATKINS LLP

| /s/ John J. LoCurto | /s/ Susan E. Seabrook |
|---|---|
| John J. LoCurto | Susan E. Seabrook |
| DC Bar # 481425 | DC Bar # 472489 |
| Trial Attorney, Tax Division | 555 Eleventh Street, NW |
| U.S. Department of Justice | Suite 1000 |
| P.O. Box 227, Ben Franklin Station | Washington, DC 20004 |
| Washington, D.C. 20044 | Telephone: (202) 637-2200 |
| Telephone: (202) 307-2793 | Facsimile: (202) 637-2201 |
| Facsimile: (202) 514-6866 | Susan.Seabrook@lw.com |
| john.j.locurto@usdoj.gov | |
| | *Attorney for the Plaintiff* |
| *Attorney for the Defendant* | |